# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Elaine E. Bucko | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 07 C 6719 | **DATE** | 1/15/08 |
| **CASE TITLE** | Dawayne Tolliver (#2007-0072569) v. City of Chicago | | |

**DOCKET ENTRY TEXT:**

Plaintiff Dawayne Tolliver has filed this suit without either paying the $350 filing fee or submitting an application to proceed *in forma pauperis*. Also, plaintiff's complaint does not sufficiently state a claim for relief; nor does it name proper parties as defendants. Accordingly, the complaint is dismissed without prejudice to plaintiff submitting an amended complaint in accordance with this order. If plaintiff wants to continue with this action, within 30 days of the date of this order, he must: (1) either prepay the $350 filing fee or submit a completed application to proceed *in forma pauperis*, and (2) file an amended complaint in accordance with this order. Failure to comply with this order within 30 days may result in dismissal of this case. The Chicago Police Department, the unknown Assistant State's Attorney, and the unknown Assistant Public Defender are not proper parties to this action, and are dismissed as defendants. The clerk is directed to send to plaintiff an *in forma pauperis* application and an amended complaint form, along with a copy of this order.

■ [**For further details see text below.**]      Docketing to mail notices.

## STATEMENT

    Plaintiff Dawayne Tolliver (#2007-0072569), currently incarcerated at Cook County Jail, has recently filed three 42 U.S.C. §1983 suits in this court. *See Tolliver v. City of Chicago,* Nos. 07 C 6659, 07 C 6719, and 07 C 6796. All three suits appear to allege claims of some form of police misconduct, yet it is unclear if all three suits concern the same or overlapping events. The instant complaint names as defendants the City of Chicago, Chicago Police Department, unknown Chicago police officers, an unknown Assistant State's Attorney, and an unknown Assistant Public Defender, and alleges that officers gave false testimony against plaintiff.

    Although the clerk has accepted the complaint pursuant to Fed. R. Civ. P. 5, plaintiff has neither paid the filing fee nor submitted an *in forma pauperis* application. Under the Prison Litigation Reform Act ("PLRA"), an inmate must either prepay the $350 filing fee or seek leave to proceed *in forma pauperis* to file his complaint. If the inmate is unable to prepay the filing fee, the Court will assess an initial partial payment, and allow deductions from his prison or jail trust fund account as additional partial payments until the entire filing fee is paid. This Court requires that inmates seeking to proceed *in forma pauperis* file their motions on a prescribed form. Local Rule 3.3. The form requires inmates to obtain a certificate stating the amount of money they have on deposit in their prison or jail trust fund account. Inmates must also "submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint or notice of appeal, obtained from the appropriate official of each prison at which the prisoner is or was confined." 28 U.S.C. § 1915(a)(2). These documents are necessary for this Court to determine whether plaintiff qualifies as a pauper and to assess an initial partial payment of the filing fee. If plaintiff wants to proceed with this action, he must either prepay the $350 filing fee or submit a completed *in forma pauperis* application on the enclosed form, and include a certificate from an authorized officer and a copy of his trust fund account showing all activity therein for the six-month period immediately preceding his filing of the instant suit.
**(CONTINUED)**

     isk

**STATEMENT (continued)**

Additionally, an initial review of the complaint, *see* 28 U.S.C. § 1915A, reveals that it may not proceed forward. Plaintiff alleges that, on or about May 12, 2006, unknown Chicago police officers falsely testified against plaintiff and possibly engaged in some other form of misconduct. However, plaintiff provides little to no information about the officers actions or about his criminal case or trial. Under the federal notice pleading requirement, a plaintiff need not plead extensive facts, *Christopher v. Buss*, 384 F.3d 879, 881 (7th Cir. 2004); Fed. R. Civ. P. 8; however, he must "give the defendant[s] fair notice of what the . . . claim is and the grounds upon which it rests," so that the defendants may respond. *Killingsworth v. HSBC Bank Nevada, N.A.*, 507 F.3d 614, 618 (7th Cir. 2007) (*quoting Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964 (2007)). Plaintiff's complaint does not provide enough information about the underlying facts to give sufficient notice of the claims he seeks to allege. Therefore, his complaint is dismissed without prejudice. Plaintiff is given one opportunity to submit an amended complaint that provides sufficient information about the facts supporting his claims to allow defendants the ability to respond.

Also, plaintiff does not name proper parties as defendants. Plaintiff names as defendants the City of Chicago, the Chicago Police Department, unknown officers, an unknown Assistant State's Attorney, and an unknown Assistant Public Defender. The Chicago Police Department is not an entity separate from the city, is not a suable party, and is therefore dismissed as a defendant in this case. *Gray v. City of Chicago*, 159 F.Supp.2d 1086, 1089 (N.D. Ill. 2001). With respect to naming unknown police officers as defendants, plaintiff cannot maintain an action for damages against defendants unless he serves them personally in accordance with Fed. R. Civ. P. 4, which he cannot do without knowing their names. A plaintiff may name an unknown defendant as "John Doe," and name a supervisory official as defendant for the purpose of conducting discovery to learn the identity of an unknown defendant. Once an attorney makes an appearance for the supervisory official, the plaintiff may forward a list of questions to the attorney for the purpose of discovering the identity of the officer personally involved in plaintiff's claims. The plaintiff may then amend his complaint to name the officer, and dismiss the supervisory official. *Donald v. City of Chicago Sheriff,* 95 F.3d 548, 556 (7th Cir. 1996); *Maclin v. Paulson*, 627 F.2d 83, 87 (7th Cir. 1980); *see also Duncan v. Duckworth*, 644 F.2d 653, 655-56 (7th Cir. 1981).

In this case, plaintiff may refer to unknown police officers as "John Does," name the City of Chicago as a defendant (as plaintiff has done) or the Cook County Sheriff for the purpose of conducting limited discovery to attempt to learn the names of the unknown officers. If plaintiff seeks to name the City of Chicago for this purpose, he should so indicate in his amended complaint.

Neither the unknown Assistant State's Attorney nor the unknown Assistant Public Defender is a proper defendant in this civil rights suit. *See Smith v. Power*, 346 F.3d 740, 742 (7th Cir. 2003) (*citing Imbler v. Pachtman*, 424 U.S. 409, 430 (1976) ("Prosecutors are absolutely immune from suits for monetary damages under § 1983 for conduct that is intimately associated with the judicial phase of the criminal process")); *see also Polk County v. Dodson,* 454 U.S. 312 (1981); *Cornes v. Minoz*, 724 F. 2d 61(7th Cir. 1983) (public defenders are not "state actors" for purposes of a § 1983 action for damages). Accordingly, these defendants are dismissed as parties to this suit.

Lastly, if plaintiff's three suits all pertain to the same or overlapping events, plaintiff should seek to proceed in only one of the cases and should file motions to voluntarily dismiss in the other suits. A duplicative suit may be dismissed under 28 U.S.C. § 1915A, thus incurring a strike against plaintiff's ability to proceed *in forma pauperis* in the future.

If plaintiff wants to proceed with this case, he must, within 30 days of the date of this order: (1) either pay the $350 filing fee or submit a completed *in forma pauperis* application, and (2) submit an amended complaint that both sufficiently states a claim for relief and names suable parties as defendants. Failure to comply with this order within 30 days may be construed as plaintiff's desire not to proceed with this case and result in dismissal of this action. The clerk is directed to send to plaintiff an *in forma pauperis* application and an amended complaint form, along with a copy of this order.